UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SEQUENOM, INC. STOCKHOLDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 16-cv-02054-JAH-BLM<br><br>CLASS ACTION<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY** |

## INTRODUCTION

Pending before the Court are Defendant Sequenom, Inc.'s ("Sequenom" or "Defendnat") Motion to Dismiss and Motion to Stay. (Doc. Nos. 56, 90). Also pending are Defendant's Requests for Consideration of Documents and Judicial Notice in support of its pending motion to dismiss and Plaintiffs' Motion to Strike (Doc. Nos. 56-29, 62, 65). The motions are fully briefed. See *Doc. Nos*. 62- 65. The Court found these motions suitable for determination on the papers submitted and without oral argument. Civ LR 7.1(d.1). For the reasons set forth below, the Court GRANTS Defendants' motion to stay the action pending the Supreme Court's decision in *Emulex Corp. v. Varjabedian*, --- S. Ct. ----, 2019 WL 98542 (2019).

# BACKGROUND

In this shareholder class action lawsuit, the First Consolidated Amended Class Action Complaint ("FAC") alleges that Sequenom and eight of its former board members violated sections 14(e) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") by issuing a false and misleading recommendation statement advising Sequenom shareholders to tender their shares pursuant to a tender offer. *Doc. No.* 54. Plaintiffs further allege that Defendants offered flawed and unreliable financial projections as the most accurate view of the company's prospects.

Defendant Sequenom and Defendants Kenneth F. Buechler ("Buechler"), Myla Lai-Goldman ("Lai-Goldman"), Richard A. Lerner ("Lerner"), Ronald M. Lindsay ("Lindsay"), Catherine J. Mackey ("Mackey"),O'Boyle, David Pendarvis ("Pendarvis"), Charles P. Slacik ("Slacik") and Dirk van den Boom ("van den Boom") (collectively, " Individual Defendants") filed a 12(b)(6) motion to dismiss, challenging Plaintiffs' complaint for failure to adequately plead: (1) falsity, (2) scienter, and (3) loss causation.

Since the filing of Defendants' motion to dismiss, the parties have filed multiple notices of controlling, persuasive, and not so persuasive authority from various courts. *See doc. nos*. 66, 73, 78, 79, 84 (notices of recent authority); *see also doc. nos*. 67, 77, 80, 82, 85, 89 (responses). The most recent response notified this Court that the Supreme Court granted *certiorari* to review the Ninth Circuit decision in *Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018) ("*Varjabedian*"). *Doc. No.* 89; *Emulex Corp. v. Varjabedian*, --- S. Ct. ----, 2019 WL 98542 (2019). Despite contrary holdings in five other circuits, the Ninth Circuit held in *Varjabedian* that claims under Section 14(e) of the Exchange Act do not require a showing of scienter; only negligence. See *Varjabedian*, 888 F.3d at 404-405. The grant of *certiorari* prompted Defendants to file a motion to stay pending the Supreme Court decision.

*Doc. No.* 90. Defendants' motion to dismiss and motion to stay are now before the Court.

### **LEGAL STANDARD**

A court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In the interest of judicial economy, a stay may be granted pending the outcome of other legal proceedings related to the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). The exercise of discretion is appropriate when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented. *Mediterranean Enters v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983); *San Diego Padres Baseball P'ship v. United States*, 2001 WL 710601, at (S.D. Cal. May 10, 2001).

The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted). In determining whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. These competing interests include:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Dependable Highway Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Leyva*, 593 F.2d at 864).

# DISCUSSION

Defendants argue that this Court's determination of the scienter issue raised in the motion to dismiss will be directly impacted by the Supreme Court's decision in *Varjabedian*. Defendants further contend that a stay in this matter would promote judicial economy, simplify the issues in this case, and avoid the unnecessary risk of the Court applying a legal standard that may change if the Ninth Circuit's decision is reversed. In response, Plaintiffs argue that Defendants have not made a showing of hardship or inequity in being required to go forward. Plaintiffs have previously argued (in opposition to Defendants' motion to dismiss) that their Complaint meets the higher "scienter" standard. Plaintiffs maintain that since the scienter issue has been fully briefed, a reversal of *Varjabedian* by the Supreme Court would not change the parties' positions. However, it is Defendants' contention that the current state of the law, under the Ninth Circuit holding in *Varjabedian*, calls for supplemental briefing on whether Plaintiff has sufficiently alleged negligence. Such briefing would require the expenditure of additional time and resources, by both the Court and the parties, which may ultimately prove to be unnecessary.

In consideration of the competing interests and in light of the Supreme Court's grant of *certiorari*, the Court finds that a stay is warranted. The Supreme Court's decision will determine the appropriate pleading standard for a disputed element of Plaintiff's Section 14(e) claim. It would be inconsistent with judicial principles of efficacy if litigation continued in this action, requiring additional briefing on, and adjudication of, issues using a standard of law currently in flux. Plaintiffs do not dispute that the Supreme Court's decision will have a direct impact on the issues before this Court, nor do they identify any harm which may result from the granting of a stay. On the contrary, if the stay is not granted, both parties would be prejudiced if the decision reached by the Supreme Court required additional expense and effort in this case by virtue of the case proceeding forward without awaiting its decision.

The Supreme Court has set oral argument in *Emulex v. Varjabedian* for April 15, 2019.[1] Therefore, the issue presented will likely be determined within in a reasonable time. *See Leyva*, 593 F.2d at 864. The stay will neither be long nor indefinite. *See Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). Accordingly, the Court defers ruling on Defendants' motion to dismiss and request for judicial notice pending resolution of the *Varjabedian* case and GRANTS Defendants' motion to stay the entire action.

**IT IS SO ORDERED**.

DATED: March 12, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[1] *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/18-459.html